UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| THEOTHUS CARTER,              )<br>                                              )<br>                    Petitioner,     )<br>    vs.                                     )      No. 1:12-cv-1076-TWP-DML<br>                                              )<br>KEITH BUTTS,                        )<br>                                              )<br>                    Respondent.   ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Theothus Carter (ACarter@) for a writ of habeas corpus must be **denied** and this action **dismissed with prejudice**.

## Background

The pleadings and the expanded record in this action establish the following:

1.   Carter is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 12-03-0079, wherein he was found guilty of having violated prison rules of conduct by threatening.

2.   A conduct report was issued on March 19, 2012, reciting that Carter told Supervisor Neale that, "[Supervisor Neale] was going to start bringing in shit and moving shit or people are going to get hurt" and "[Supervisor Neale and her family were] going to get hurt."

3.   After being supplied with a copy of the written charge and notified of his procedural rights, at a hearing conducted on April 17, 2012, Carter was found guilty of the misconduct with which he had been charged. He was sanctioned, in part, with the deprivation of a period of earned good-time and a demotion in his credit class, his administrative appeals were rejected, and this action followed.

## Carter's Claims

Contending that the proceeding described above is tainted by constitutional error, Carter seeks a writ of habeas corpus. Carter's specific contentions are that: 1) Department of Correction policies were violated; 2) segregation policies were violated; and 3) he was denied evidence.

**Discussion**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner=s confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Carter was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Carter received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Carter was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Carter=s claims otherwise are unavailing here.

! Carter complains in claims one and three that his due process rights were violated through the violation of Adult Disciplinary Procedures. These claims are based solely on asserted violations of prison policies, but even if factually supported such violations do not support the award of federal habeas relief. *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990)*; Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

- Carter claims that there was a violation of his rights as to segregation time. Carter's segregation did not constitute punishment in a constitutional sense and did not result in the imposition of ∧custody≥ sufficient to trigger any due process interests via a writ of habeas corpus. This form of confinement does not constitute ∧custody≥ which can be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, the confining authority ∧is free to use any procedures it chooses, or no procedures at all≥).

- Carter claims that he was denied evidence reports, witness statements from Officer Long and a continuance and that such actions resulted in an unfair hearing. Due process requires that a prisoner be allowed to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals. *Wolff,* 418 U.S. at 566. Due process does not require disclosure of evidence unless such evidence is material and exculpatory, and "there is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Piggie v. Cotton,* 344 F.3d 674, 677-78 (7th Cir. 2003). For this reason, Carter did not have a right to call Officer Long.

Unlike a criminal defendant, a prisoner has no right to confront adverse witnesses or evidence at a disciplinary hearing. *Wolff v. McDonnell,* 418 U.S. at 568; *see also White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir.2001) (prisoner had no due process right to view videotape that the disciplinary board considered). Nothing in the record indicates that the video was even probative; the video summary stated, "[d]ue to the safety and security of the facility, Offender is not allowed to view the video. No activity noted." Carter also argues that being denied a continuance prevented him from properly preparing his defense. Although *Wolff* requires that an inmate be given 24 hours advance written notice of the factual basis of the charges against him, it does not require that he be granted a continuance. The Seventh Circuit has instructed that *"Baxter v. Palmigiano,* 425 U.S. 308, 96 S. Ct. 1551, 47 L.Ed.2d 810 (1976), warns the court of appeals not to add to the procedures required by *Wolff,* which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners." *White v. Ind. Parole Bd.,* 266 F.3d 759, 767–68 (7th Cir. 2001) (citation altered). Here, Carter was given four weeks between his notification date and his hearing date, which is well past the minimum 24 hours required by *Wolff.* Therefore, the denial of additional time did not violate Carter's due process rights.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Carter to the relief he seeks. Accordingly, Carter=s

petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/26/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Theothus Carter
No. #967392
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel